UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL WEST, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case number 4:06cv0903 RWS |
| ) | TCM |
| CHRIS KOSTER, Attorney General ) | |
| for the State of Missouri,[1] ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

The petition of Michael West ("Petitioner") for federal habeas corpus relief is before the undersigned United States Magistrate Judge for a review and a recommended disposition. See 28 U.S.C. § 636(b).

## Background

Petitioner initiated this action by filing a completed 28 U.S.C. § 2254 form petition.[2] The petition does not list a judgment of conviction, a criminal docket number, date of judgment of conviction, or length of sentence. (See Pet. at 1.) In the space dedicated for the description of his grounds for relief, Petitioner refers to attached pages. (Id. at [3].) Those pages begin with a challenge to the constitutionality of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and continue with a claim that his

---

[1]Chris Koster is hereby substituted for Jeremiah "Jay" Nixon, the former Attorney General for the State of Missouri.

[2]The undersigned notes that Petitioner paid the $5.00 filing fee.

custody and imprisonment "were" in violation of his constitutional rights in that the prosecutor (1) knowingly used false or perjured evidence, including the perjured testimony of the State's chief witness and false statements in the Sheriff's report (a) listing a residential address and telephone number for Petitioner, (b) referring to nonexistent similar stalking charges in another county, (c) stating that Petitioner had made repeated telephone calls to the witness, although he had made none in the past two years, (d) suggesting that Petitioner had repeatedly attempted to visit or had driven by the witness's house, although he had not, (e) listing a former address for the witness as her current address, (f) suggesting that Petitioner had sent the witness threatening letters, had assaulted and injured her, had followed her, had lingered outside her residence, had hidden her psychotropic medication from her , and had sent her a birthday card and present when he had done of these acts; (2) filed false information to obtain legal process against him; and (3) had selectively prosecuted him due to a special relationship with the chief witness and also due to sexual discrimination, as evidenced by (a) the lack of filing of any charges against the witness for stealing his cars and for stealing personal property from his car, (b) the lack of charges against her for making false statements to receive government benefits, (c) the lack of charges against her for filing false reports, (d) the lack of charges against her for stalking him, and (e) the lack of charges for falsely obtaining medications under a Medicaid program. (Id. at [3]-[24].) Also, the State legal process was inadequate to protect his constitutional rights and his pretrial confinement was cruel and unusual punishment. (Id. at [24]-[25].) In a subsequent pleading, Petitioner explains that he is

challenging as unconstitutional the method by which the pending charge against him was brought. (Reply at 4-5.)

The charge Petitioner challenges is one filed in January 2006 by St. Charles County for stalking, a misdemeanor in violation of Mo.Rev.Stat. § 565.225.[3] (Resp't Ex. 1.) The "Probable Cause Statement" submitted in support of this charge alleged that Petitioner had been charged with a similar offense by the O'Fallon Police Department and the Lincoln County Sheriff's Office and these other charges involved the same person as did the St. Charles County charge. (Resp't Ex. 2.) In a supplemental pleading, Petitioner states that he has been released on his own recognizance.[4] (Reply at 4.)

In the similar case of West v. Stahl, Case No. 4:06cv0646 JCH (E.D. Mo. Aug. 29, 2008), Petitioner filed a pro se § 2254 petition challenging the State's use of false or perjured evidence when bringing stalking charges against him and the conditions of, and fact of, his pretrial confinement. (See Doc. 2 at [8]-[23].) The court denied relief on the grounds that § 2254 relief is only available post-judgment. (Doc. 33 at 3.)

Section 2254 authorizes the federal courts to "entertain an application for a writ of habeas corpus in behalf of a person in custody *pursuant to the judgment* of State court . . . ." 28 U.S.C. § 2254(a) (emphasis added). If Petitioner is not such a person, his challenges to his pretrial detention are more properly brought under 28 U.S.C. § 2241.

---

[3]A person commits the crime of stalking under § 565.225 "if he or she purposely, through his or her course of conduct, harasses or follow with the intent of harassing another person."

[4]Neither party has advised the Court of the disposition of the charges, nor has independent research revealed such.

See **Yellowbear v. Wyoming Att'y Gen.**, 525 F.3d 921, 924 (10th Cir. 2008); **White v. Lambert**, 370 F.3d 1002, 1002 (9th Cir. 2004); **Jacobs v. McCaughtry**, 251 F.3d 596, 597 (7th Cir. 2001) (per curiam).

The record reveals only that Petitioner is a pretrial detainee. He argues that this court should intervene in his state stalking proceedings to prevent a constitutional violation. "Absent unusual circumstances, a federal court is not permitted to intervene in ongoing state criminal proceedings." **Walck v. Edmondson**, 472 F.3d 1227, 1232 (10th Cir. 2007) (citing Younger v. Harris, 401 U.S. 37, 54 (1971)). "More specifically, federal courts must abstain pursuant to Younger when: (1) there is an ongoing state criminal . . . proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies." **Id.** (internal quotations omitted). "If these three conditions exist, absent extraordinary circumstances, abstention is mandatory." **Id.**

In the instant case, these three conditions do exist. The existence of ongoing state criminal proceedings is Petitioner's basis for relief. His allegations of prosecutorial misconduct may be raised in a direct criminal appeal or in a post-conviction appeal. See e.g., **Taylor v. State**, 262 S.W.3d 231, 243 n.5 (Mo. 2008) (en banc) (direct criminal appeal), cert. denied, 129 S.Ct. 1671 (2009); **State v. Bransford**, 920 S.W.2d 937, 342 (Mo. Ct. App. 1996) (post-conviction appeal). Petitioner's challenges to the integrity of the state criminal proceedings clearly implicate an important state interest.

For the foregoing reasons, the pending petition fails to state a claim under § 2254 because Petitioner is not in custody pursuant to a state court judgment or must be dismissed on abstention grounds if construed as a § 2241 petition.[5] Therefore,

**IT IS HEREBY RECOMMENDED** that the petition for a writ of habeas corpus of Michael West be **DENIED** as set forth above.

The parties are advised that they have **up to and including August 10, 2009**, in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in waiver of the right to appeal questions of fact. See **Griffini v. Mitchell**, 31 F.3d 690, 692 (8th Cir. 1994).

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this  30th  day of July, 2009.

---

[5]Respondent argues that the petition must also be dismissed for failure to exhaust state remedies. Petitioner counters that he has exhausted his state remedies by filing a state court habeas petition pursuant to Missouri Supreme Court Rule 91. Respondent contends that this is insufficient because other proper state remedies are available. The cited remedies, however, are applicable to post-conviction proceedings.